UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMERICAN GENERAL LIFE INSURANCE
COMPANY,

               Plaintiff,

     -against-

OPPENHEIMER LIFE AGENCY and
OPPENHEIMER & CO. INC., subsidiaries of
OPPENHEIMER HOLDINGS, INC.,

               Defendants and
               Third Party Plaintiffs,

     -against-

KEVIN SAIA,

               Third Party Defendant.
------------------------------------------------------------X

08 Civ. 10483 (RMB) (FM)

**DECISION & ORDER**

JSDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/10

## I.    Background

On April 15, 2009, Oppenheimer Life Agency and Oppenheimer & Co. Inc., subsidiaries of Oppenheimer Holdings, Inc. (collectively, "Oppenheimer") filed a third party complaint ("Third Party Action") naming Kevin Saia ("Saia") as a third party defendant.[1] (Answer and Third Party Complaint, dated Apr. 15, 2009 ("Third Party Compl.").)

---

[1] On December 3, 2008, American General Life Insurance Company ("Plaintiff" or "American General") filed a complaint against Oppenheimer which was discontinued on consent by an Order, dated September 16, 2009. (See Letter from Plaintiff to Hon. Richard M. Berman, dated September 15, 2009 ("American General and [Oppenheimer] have reached a settlement agreement in this matter."); see also Order, dated Sept. 16, 2009; Complaint, dated Dec. 2, 2008, ¶¶ 12, 21–33.)

By letter, dated October 13, 2009, Oppenheimer (persuasively) argued that the Third Party Action should be restored to the Court's calendar because "this Court has independent diversity jurisdiction over . . . Saia in the [T]hird [P]arty [A]ction." (Ltr. from James E. Jenkins to Hon. Richard M. Berman [#17], dated Oct. 13, 2009.)

Oppenheimer asserts common law claims of breach of contract and unjust enrichment related to the sum of $109,936.00 that "Oppenheimer advanced [to] Saia [against] commissions" ("Advance") during Saia's employment as a "registered representative of Oppenheimer . . . and an [a]gent, appointed to sell insurance of Oppenheimer Life Agency." (Third Party Compl. ¶¶ 4–14.) Oppenheimer alleges that the "net amount" at issue is $102,711.41. (Third Party Compl. ¶ 10.)

As security for repayment of the Advance, Saia issued to Oppenheimer a Promissory Note, dated May 21, 2007 ("Promissory Note" or "Note"), in the amount of $109,936.00. (See Decl. of Gadi Ben-Menachem, dated Dec. 10, 2009 ("Ben-Menachem Decl."), Ex. A ("Promissory Note"), ¶ 13; Statement of Third-Party Plaintiff of Facts Not in Dispute Pursuant to Local Rule 56.1, dated Dec. 10, 2009 ("Oppenheimer 56.1"), ¶ 2; Third-Party Defendant's Response to Third-Party Plaintiff's Statement of Facts Not in Dispute and Additional Material Facts Pursuant to Local Rule 56.1, dated Dec. 31, 2009 ("Saia 56.1"), ¶ 2 ("Saia admits that he signed a Promissory Note . . . as security for repayment of such commission[.]").) Paragraph 13 of the Promissory Note provides:

> "Promisor [i.e., Saia] agrees that any dispute arising out of this Promissory Note, including, without limitation, a failure to repay the Net Principal Amount, shall be subject to arbitration between Oppenheimer and the Promisor before the arbitration forum provided by the National Association of Securities Dealers, Inc. ("NASD") or the New York Stock Exchange, Inc. ("NYSE") at Oppenheimer's choice, and that the situs of any such arbitration shall be New York City."

(Promissory Note ¶ 13.)

On November 20, 2009, Saia filed the instant motion to "compel arbitration of Oppenheimer's Third-Party Complaint" and to dismiss or stay the Third Party Action because "arbitration is required by the Note." (Mem. of Law in Supp. of Mot. to Compel Arbitration, dated Nov. 18, 2009 ("Saia Mem."), at 7.)

2

On December 10, 2009, Oppenheimer filed an opposition to Saia's motion to compel and a cross-motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") arguing, among other things, that Saia has "waived his right to arbitration." (Mem. of Law, dated Dec. 10, 2009 ("Oppenheimer Mem."), at 2).[2]

On December 30, 2009, Saia filed a reply. (Mem. of Law, dated Dec. 31, 2009 ("Reply").) On January 14, 2010, Oppenheimer filed a surreply. (Surreply Mem. of Law, dated Jan. 14, 2010 ("Surreply").) The parties waived oral argument.

**For the reasons set forth below, Saia's motion to compel arbitration is granted and Oppenheimer's cross-motion for partial summary judgment is dismissed as moot.**

## II.    Legal Standard

Federal policy requires courts to "construe arbitration clauses as broadly as possible." Oldroyd v. Elmira Sav. Bank, 134 F.3d 72, 76 (2d Cir. 1998). Indeed, "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy [the Second Circuit has] often and emphatically applied." Arciniaga v. Gen. Motors Corp., 460 F.3d 231, 234 (2d Cir. 2006) (internal quotations omitted).

"[W]aiver of the right to arbitration is not to be lightly inferred." Arbercheski v. Oracle Corp., No. 05 Civ. 591, 2006 WL 1738046, at *2 (S.D.N.Y. June 26, 2006) (quoting Thyssen, Inc. v. Calypso Shipping Corp., 310 F.3d 102, 104–05 (2d Cir. 2002)). "[W]aiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated," Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985), and is "[g]enerally . . . more likely to be found the longer the litigation goes on, the more a party avails itself of the opportunity to litigate, and the more that party's litigation results in prejudice

---

[2]   Oppenheimer also argues that it "is entitled to summary judgment on . . . the claims in this action [as] evidenced by the Note[.]" (Oppenheimer Mem. at 6.)

3

to the opposing party." Thyssen, 310 F.3d at 105 (citing Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995)).

"If . . . all of the plaintiff's claims are subject to arbitration, no useful purpose will be served by granting a stay of . . . [the] claims, and the case may be dismissed." Alemac Ins. Servs., Inc. v. Risk Transfer, Inc., No. 03 Civ. 1162, 2003 WL 22024070, at *3 (S.D.N.Y. Aug. 28, 2003) (internal quotation and citation omitted).

## III. Analysis

Saia argues that Oppenheimer is required to arbitrate its claims against Saia because the Promissory Note provided "that any dispute between the parties would be resolved through arbitration." (Saia Mem. at 2–3.) Oppenheimer does not appear to contest the validity of the arbitration clause but counters that Saia's motion should be denied on the ground of waiver because "[d]espite filing his answer in May 2009, Saia did not raise the issue of arbitration until the discovery period had ended[.]" (Oppenheimer Mem. at 2.)

In this Circuit, courts conduct a four-pronged analysis to determine whether an action is governed by an agreement to arbitrate. See Spencer-Franklin v. Citigroup/Citibank N.A., No. 06 Civ. 3475, 2007 WL 521295, at *2 (S.D.N.Y. Feb. 21, 2007), adopted by 2007 WL 1052451 (S.D.N.Y. Apr. 5, 2007). "[F]irst, [the court] must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration." JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004) (citations omitted).

4

Saia's motion to compel arbitration and dismiss Oppenheimer's claims is granted. First, it is undisputed that the parties agreed to arbitrate. See JLM Indus. 387 F.3d at 169; (see Surreply at 9 ("Oppenheimer . . . concedes that there is an arbitration agreement."); Promissory Note ¶ 13); see also Reynolds v. de Silva, No. 09 Civ. 9218, 2010 WL 743510, at *1 n.2 (S.D.N.Y. Feb. 24, 2010) ("The text of the [a]rbitration [c]lause is not in the [c]omplaint, but can be found in the copy of the . . . [a]greement attached as [an] [e]xhibit . . . to [d]efendants' motion. It is, of course, properly considered on a motion to compel arbitration."). Second, the Promissory Note broadly states that "any dispute arising out of this Promissory Note, including without limitation, a failure to repay the Net Principal Amount, shall be subject to arbitration between Oppenheimer and the Promisor[.]" (Promissory Note ¶ 13); cf. Oldroyd, 134 F.3d at 76 ("[T]his is precisely the kind of broad arbitration clause that justifies a presumption of arbitrability."). Third, none of the claims are federal statutory claims. See Nayal v. HIP Network Servs. IPA, Inc., 620 F. Supp. 2d 566, 570 (S.D.N.Y. 2009); (see Third Party Compl. ¶¶ 1–14.) Fourth, it is not necessary to decide whether any claims should be stayed because all of Oppenheimer's claims are arbitrable. See Rice v. Brown Bros. Harriman & Co., No. 96 Civ. 6326, 1997 WL 129396, at *3 (S.D.N.Y. Mar. 21, 1997).

Oppenheimer's contention that Saia has "caused Oppenheimer substantial prejudice," and, thus, has "waived his right to invoke arbitration," is not persuasive. (Oppenheimer Mem. at 7–8.) Saia counters that he did not waive his right to seek arbitration (i.e., during the four month period between service of the Third Party Complaint on or about April 15, 2009 and production of the Note during discovery) because, among other reasons, his answer did not "address the Note[] since it was not referenced in the Third-Party Complaint"; and "[a]lmost immediately after [his] counsel received a copy of the Note from Oppenheimer's attorney, Saia wrote to this

5

Court asking leave to file a motion to compel arbitration." (Reply at 3, 6–7; see also Ltr. from Hartley T. Bernstein to Hon. Richard M. Berman [#15], dated Sept. 9, 2009.)

"Whether or not there has been a waiver is decided in the context of the case, with a healthy regard for the policy of promoting arbitration." Leadertex, 67 F.3d at 25 (citing Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir. 1991)). "[D]elay in seeking arbitration does not create a waiver unless it prejudices the opposing party[.]" Id. (citations omitted). "The proximity of a trial date when arbitration is sought is also relevant." Id.

There is no waiver. See Katel LLC v. AT&T Corp., No. 02 Civ. 2440, 2004 WL 1192072, at *1 (S.D.N.Y. May 28, 2004); see also Coca-Cola Bottling Co. of N.Y., Inc. v. Soft Drink & Brewery Workers Union Local 812, 242 F.3d 52, 58 (2d Cir. 2001) ("[N]either filing an answer nor waiting four months to seek arbitration was sufficient to constitute a waiver[.]"); Brownstone Inv. Group, LLC v. Levey, 514 F. Supp. 2d 536, 540 (S.D.N.Y. 2007) ("Levey's delay of more than ten months in seeking arbitration is insufficient by itself to support a finding of waiver.").

Saia's conduct cannot be said to have been prejudicial to Oppenheimer. See Coca-Cola Bottling Co., 242 F.3d at 58 ("[T]hose cases in which we have found a waiver have involved substantially more protracted involvement in litigation than the instant case, often with the party charged with waiver delaying until the very last opportunity or even until it has lost on the merits."). No motion practice has taken place in the Third Party Action aside from the instant motions. No depositions have been taken. Only one conference has been held. And, no trial date has yet been set. (See Docket, No. 08 Civ. 10483 (S.D.N.Y.)); see also Herko v. Metro. Life Ins. Co., 978 F. Supp. 141, 148 (W.D.N.Y. 1997); Katel LLC, 2004 WL 1192072, at *1 ("[T]he parties have filed pleadings, attended status and scheduling conferences, and engaged in

6

document discovery. However, no motions have been decided. There have been no depositions or settlement conferences. None of the cases cited . . . find waiver to have occurred under similar circumstances."); Thyssen, 310 F.3d at 105; PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 107 (2d Cir. 1997); Brownstone Inv. Group, 514 F. Supp. 2d at 539.

**Dismissal of the Action**

Where all of the issues raised in a complaint are arbitrable, the Court may dismiss an action rather than stay proceedings. See Spencer-Franklin, 2007 WL 521295, at *4 (collecting cases). These claims are dismissed without prejudice. See Drakeford v. Wash. Mut., No. 07 Civ. 3489, 2008 WL 2755838, at *4 (S.D.N.Y. July 11, 2008); see also Reynolds, 2010 WL 743510, at *9 ("It would be an inefficient use of the Court's docket to stay the action. Accordingly, the Court exercises its discretion to dismiss the action, without prejudice.").

## V. Conclusion

For the reasons set forth above, Saia's motion to compel arbitration [#21] is granted. Oppenheimer's motion for partial summary judgment [#24] is dismissed as moot. The Clerk of Court is respectfully requested to close this case.

Dated: May 11, 2010
New York, New York

_____
RICHARD M. BERMAN, U.S.D.J.